UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Craig Ninja Antonio Brewton, | ) C/A No. 8:24-cv-7655-RMG-WSB |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Sheriff Chuck Wright, Deputy Ravan, Deputy Shelton, Sgt. Batton, Spartanburg County, City of Spartanburg, Deputy Claire, Deputy Hellam, Deputy Lopez, Sgt. Bell, Deputy Ms. Marshall, Officer Campbell, Investigator J. Cox, Lt. Pilgrim, Deputy Jones, | ) ) ) ) ) ) ) |
| Defendants. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is incarcerated at the Spartanburg County Detention Center as a pretrial detainee. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings and submit findings and recommendations to the district court.

This matter is before the Court for a review of the Amended Complaint (ECF No. 20) and Plaintiff's Motion to Amend/Correct (ECF No. 33). For the reasons below, certain Defendants named in this action are subject to summary dismissal. Additionally, Plaintiff's Motion to Amend/Correct should be denied. Plaintiff's claims against Defendants Wright, Ravan, Shelton, Batton, Lopez, Hellam, Claire, and Bell are sufficient to survive initial review, and an Order authorizing service is filed concurrently with this Report and Recommendation.

## BACKGROUND

**Plaintiff's Filings and Procedural History**

Plaintiff commenced this action on December 13, 2024,[1] by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff attached to his Complaint various supporting documents, including letters he sent to Amy Cox, the Spartanburg County Clerk of Court; a *pro se* motion to dismiss all charges pending against Plaintiff in the Spartanburg County Court of General Sessions; and medical request forms submitted to the Spartanburg County Detention Center. ECF No. 1-2. On January 24, 2025, Plaintiff filed additional documents that were construed as attachments to the Complaint, which included letters to Amy Cox, additional handwritten allegations to support the claims asserted in the Complaint, a list of additional defendants, and pages from another civil rights complaint filed in this Court (discussed in the paragraph below). ECF No. 8. On January 27, 2025, the Court received a letter from Plaintiff concerning his two cases filed in this Court. ECF No. 12. In that letter, Plaintiff provided additional information concerning his claims, and he appeared to present new claims he wished to include in his Complaint in the present action. *Id*.

On January 9, 2025, Plaintiff submitted another Complaint pursuant to 42 U.S.C. § 1983 on the standard form, which the Clerk of Court construed as a second action and opened a new case at number 7:25-cv-0226-RMG-WSB. *See Brewton v. Wright*, C/A No. 7:25-cv-0226-RMG-

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The Court observes that the envelope containing the Complaint was not time-stamped by the prison mailroom. ECF No. 1-3. The Complaint was received for filing by the Clerk's Office on December 26, 2024. *Id*. at 1. The envelope containing the Complaint was postmarked December 23, 2025. *Id*. The Complaint is dated December 13, 2024. ECF No. 1 at 12. Therefore, out of an abundance of caution and using the date most favorable to Plaintiff, the Court deems the Complaint to be filed on December 13, 2024.

2

WSB (D.S.C. Jan. 9, 2015) ("*Brewton II*"). Plaintiff's Complaint in *Brewton II* made nearly identical allegations to those in the present case. Plaintiff's letter dated January 27, 2025, noted above, was also filed in *Brewton II* at ECF No. 9. Based on that letter, the Court concluded that Plaintiff intended to file only one action in this Court. The Court sent Special Interrogatories to Plaintiff to ascertain whether Plaintiff wished to voluntarily dismiss *Brewton II* and proceed only with the present action. On January 27, 2025, Plaintiff filed a Notice of Voluntary Dismissal in *Brewton II* at ECF No. 9, and that case was closed.[2]

On January 28, 2025, in light of the various Complaint forms and documents filed in both cases by Plaintiff, the Court ordered Plaintiff to file an amended complaint in the present action. ECF No. 15. On February 27, 2025, after Plaintiff failed to file an amended complaint, the Court again issued an Order instructing Plaintiff to file an amended complaint. ECF No. 18. On March 10, 2025, Plaintiff filed an Amended Complaint. ECF No. 20. An amended complaint replaces all prior complaints and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). Accordingly, the Amended Complaint is the operative pleading in this matter and the Court consider only the allegations contained therein.

---

[2] Plaintiff has also filed another action in this Court at case number 25-1073, asserting claims unrelated to the claims in this case. That action remains pending.

**Factual Allegations**

Plaintiff makes the following allegations in the Amended Complaint. ECF No. 20. Plaintiff purports to assert claims for excessive force, retaliation, and deliberate indifference to serous medical needs in violation of the Fourth, Eighth, and Fourteenth Amendments. *Id*. at 4. Plaintiff identifies fifteen Defendants. *Id*. at 9.

Plaintiff contends he was "roughly arrested" by Deputy Shelton in the courtroom in front of a judge and his lawyer. *Id*. at 7. Plaintiff contends he was taken into booking and injured while in handcuffs and tazed while getting choked in a neck brace by Deputy Ravon and two other officers whose names are not known by Plaintiff. *Id*. at 7–8. Plaintiff alleges that Sgt. Batton, along with Deputy Lopez and Deputy Hellams, tazed Plaintiff while he was in the shower. *Id*. at 8.

Plaintiff contends that Defendants Batton, Shelton, Ravan, Claire, and Hellam all engaged in the excessive use of force against him. *Id*. at 5. Plaintiff contends Chuck Wright is subject to supervisory liability in that he failed to intervene and failed to properly train his officers. *Id*. Plaintiff also asserts that Chuck Wright "expressed [an] intent to punish and retaliate" against Plaintiff's First Amendment complaints and allowed Ravan and Shelton to assault a non-resistant person and taze a handcuffed inmate who was injured. *Id*. Plaintiff alleges that Chuck Wright was aware of the purported mistreatment and was deliberately indifference, causing the injuries and allowing an unconstitutional custom or policy and practice to intimidate Plaintiff. *Id*. Plaintiff alleges that he notified Chuck Wright of his injuries and mistreatment, but Wright refused to intervene, "turned his blind eye," and failed to direct his officers to give Plaintiff back his neck brace despite Plaintiff's pleas. *Id*. at 10.

Plaintiff alleges that Sgt. Batton used excessive force in tazing Plaintiff in the shower and, along with Lopez and Hellam, dragged Plaintiff on the floor, causing injury. *Id*. Sgt. Batton ordered Lopez to drag Plaintiff in the shower during the tazing incident. *Id*. Hellam used excessive force by bending Plaintiff's writs back, spraining his wrists and right thumb and failed to provide medical assistance. *Id*. Plaintiff contends that Claire stomped on his foot, spraining his ankle. *Id*. Sgt. Bell failed to provide Plaintiff with medical attention despite being informed by Plaintiff, his lawyer, and others that Plaintiff was injured. *Id*. at 6.

Plaintiff asserts the City of Spartanburg and County of Spartanburg had a custom or policy and "had knowledge" but failed to address complaints. *Id*. at 9. Plaintiff also asserts the City and County of Spartanburg had knowledge of similar unlawful conduct in the past but failed to take precautions against future violations. *Id*. Plaintiff contends the failures of the City and County of Spartanburg led, at least in part, to the serious injuries, pain, and suffering Plaintiff endured. *Id*. According to Plaintiff, the City and County of Spartanburg have a governmental policy or custom made by its lawmakers that states if a person is injured in the arm that an officer should handcuff the injured suspect in the front and not the back, which could cause further injury. *Id*. at 10. Plaintiff contends the officer inflicted more injury numerous times showing gross negligence. *Id*. Plaintiff asserts that he told the judge about the injuries and his lawyer told the judge about his injuries, but the officers did not believe that Plaintiff had injuries despite Plaintiff wearing a neck brace. *Id*. Plaintiff contends that Chuck Wright was told by certified mail that he was injured and also by mail from the Supreme Court. *Id*. However, Plaintiff asserts, Chuck Wright turned a blind eye to the punishment inflicted upon him when officers forcefully took Plaintiff's neck brace and tazed him while handcuffed. *Id*. Plaintiff contends that Chuck Wright and his officers acted with

5

deliberated indifference and deprived Plaintiff of his neck brace that he needs for pain and forced Plaintiff to sleep on the floor and not in a bed. *Id*.

For his injuries, Plaintiff contends he reinjured a broken neck vertebra, injured his right shoulder, suffers pain in his hips and back, and sustained a sprained wrist, right thumb, and ankle. *Id*. at 8. Plaintiff contends he was given ibuprofen and pain medicine but was never taken to the doctor after the altercation. *Id*. Plaintiff contends he suffered from memory loss along with daily headaches. *Id*. Plaintiff asserts that it hurts to move his neck and lift his right arm, and he has tingling and numbness in his hand and arm. *Id*. For his relief, Plaintiff seeks money damages. *Id*.

The Court takes judicial notice[3] that Plaintiff has been charged in the Spartanburg County Court of General Sessions with the following crimes: (1) resisting arrest at case number 2023GS4201851, indicted at number 2023GS4201851; (2) manufacture, distribution, possession of drugs at case number 2022A4210205673, indicted at number 2023GS4201850; (3) trafficking in cocaine, 200 grams or more, but less than 400 grams at case number 2022A4210101970, indicted at number 2023GS4201852; (4) possession of a weapon during a violent crime at case number 2022A4210101971, indicted at number 2023GS4201852A; (5) failure to stop for a blue light at case number 20232580132276, indicted at number 2024GS4201131; (6) filing a false police report of a felony violation at case number 2024A4210201433, indicted at number 2024GS4203081; and (7) filing a false police report of a felony violation at case number 2024A4210201434, indicted at number 2024GS4203082. *See* Spartanburg County Seventh

---

[3] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (last visited June 12, 2025) (search by case number listed above).

## STANDARD OF REVIEW

**Review of Prisoner/*Pro Se* Filings**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of*

7

*Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

**Claims under 42 U.S.C. § 1983**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or

laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Excessive Force**

It is well-established that the use of excessive force violates the constitutional prohibition against cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In an excessive force case, a claimant must allege facts showing that the officer applied force "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *see Wilkins v. Gaddy*, 559 U.S. 34 (2010). Also, "[a] plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights." *Davis v. Boome*, C/A No. 1:14-cv-00422-TLW, 2015 WL 1538318, at *4 (D.S.C. Apr. 6, 2015) (summarily dismissing claim alleging excessive use of force by unidentified officers).

**Deliberate Indifference**

A pretrial detainee's deliberate indifference claim arises under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment; however, the Eighth Amendment's prohibition of cruel and unusual punishments provides the framework for analyzing such a claim. *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988).

Applying *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015), the United States Court of Appeals for the Fourth Circuit has noted that the test for a Fourteenth Amendment deliberate indifference claim is an objective standard such that a pretrial detainee must simply show that a defendant's actions or inactions were "objectively unreasonable." *Short v. Hartman*, 87 F.4th 593, 606, 611 (4th Cir. 2023) ("[I]t is sufficient that the plaintiff show that the defendant's action or inaction was, in *Kingsley's* words, 'objectively unreasonable,' . . . that is, the plaintiff must show that the defendant should have known of that condition and that risk, and acted accordingly.").

9

Thus, to prevail on a claim for deliberate indifference to a medical need under the Fourteenth Amendment, a pretrial detainee must demonstrate that "(1) [the plaintiff] had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." *Id.* at 611. However, "it is still not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." *Id.* at 611–12. "Negligence was not enough before, and it is not enough now." *Id.* at 612 (internal citation omitted). In the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment. *De'lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013); *see also Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975); *Barton v. Dorriety*, C/A No. 9:10-cv-1362, 2011 WL 1049510, at *2 (D.S.C. Mar. 21, 2011). The fact that a prisoner believed he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See*, *Russell*, 528 F.2d at 319.

## DISCUSSION

**Defendants Entitled to Dismissal**

Several Defendants are entitled to dismissal from this action for the reasons below.

*Marshal*

Plaintiff identifies Deputy Ms. Marshal ("Marshal") as a "witness." ECF No. 20 at 9. The sole allegation against Marshal is that she "told Sgt. Bell [Plaintiff] was injured in booking." *Id.* at 6. Plaintiff's cursory allegation is insufficient to establish a plausible claim for relief against Marshal as he has not presented facts showing she engaged in excessive force, was deliberately

indifferent, or violated Plaintiff's rights in any other way. Plaintiff's "general allegations, absent any specific facts of personal involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim" against Marshal. *Tracey v. Nelson*, C/A No. 1:12-cv-1614-JMC-SVH, 2012 WL 4583107, at *2 (D.S.C. Aug. 31, 2012), *R&R adopted by* 2012 WL 4588205 (D.S.C. Oct. 1, 2012). As such, Plaintiff's claims against Marshal are without merit, and she is entitled to summary dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Cir. Ct. of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).

### *Pilgrim and Jones*

Plaintiff also identifies Lt. Pilgrim ("Pilgrim") and Deputy Jones ("Jones") as witnesses. ECF No. 20 at 9. The sole allegation against Pilgrim and Jones is that they "[were] also there Feb. 8th 2024 while I was being chocked [sic] and tazed." *Id*. at 6. "Law enforcement officials may be held liable in Section 1983 actions in which the officials 'fail[ ] or refuse[ ] to intervene when a constitutional violation such as an unprovoked beating takes place in [their] presence.'" *Murdock v. Eades*, C/A No. 5:12-cv-002, 2014 WL 1091094, at *8 (W.D.N.C. Mar. 18, 2014) (citations omitted). "To succeed on a theory of so-called 'bystander liability,' the plaintiff must show: (1) that the defendant knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Swick v. Wilde*, C/A No. 1:10-cv-303, 2012 WL 3780350, at *23 (M.D.N.C. Aug. 31, 2012); *Stevenson v. City of Seat*

*Pleasant, Md.*, 743 F.3d 411, 417 (4th Cir. 2014).  Plaintiff's cursory allegation that Pilgrim and Jones "[were] also there," standing alone, are insufficient to state a claim for bystander liability because Plaintiff has not alleged facts showing they knew that other officers were violating Plaintiff's constitutional rights, that they had a reasonable opportunity to prevent the harm, or that they chose not to act.  *See Davis v. Lilly*, C/A No. 7:23-cv-152, 2023 WL 6564894, at *5 (W.D. Va. Oct. 10, 2023) ("Davis's conclusory statements that Romain was present and failed to intervene, without specific factual support, are insufficient to state a claim of bystander liability."); *Wiggins v. Quesenberry*, 222 F. Supp. 3d 490, 501 (E.D. Va. 2016). (dismissing a bystander liability claim, noting that the plaintiff did not allege the distance that the defendant stood from plaintiff, the amount of time during which the incident occurred, or whether defendant was even watching plaintiff's interaction with the offending officer); *Lux v. Harris*, C/A No. 3:23-cv-541-RCY, 2024 WL 4124682, at *8 (E.D. Va. Sept. 9, 2024) (finding "Plaintiffs' allegations are wholly insufficient to plausibly state a claim for bystander liability" because he failed to allege facts to establish any of the elements for such a claim); *Compton v. O'Bryan*, C/A No. 2:16-cv-09298, 2018 WL 813443, at *7 (S.D.W. Va. Feb. 9, 2018) (explaining "passivity—strictly speaking—is not a predicate to bystander liability" and a plaintiff cannot establish such a claim without allegations demonstrating a defendant knew a fellow officer was violating the plaintiff's constitutional rights, had a reasonable opportunity to prevent the harm, and chose not to act).  Plaintiff has failed to allege facts to establish a claim for bystander liability against Pilgrim and Jones and he has not presented any allegations to support any other claim against them.  Pilgrim and Jones are therefore entitled to dismissal.

*Campbell and Cox*

The sole allegation against Officer Campbell ("Campbell") and Investigator J. Cox ("Cox") is that they "denied names, badge numbers, and failed to investigate excessive force grievances and complaints." ECF No. 20 at 6. "[T]he alleged failure to investigate complaints and grievances is not independently actionable under § 1983." *Anderson v. Clarke*, C/A No. 7:23-cv-00618, 2024 WL 4173807, at *10 (W.D. Va. Sept. 12, 2024) (collecting cases); *Hinton v. Mason*, C/A No. 3:17-cv-526, 2018 WL 1763520, at *5 (E.D. Va. Apr. 12, 2018) ("the failure to investigate a grievance fails to raise a constitutional claim"), *aff'd*, 732 F. App'x 204 (4th Cir. 2018); *Carter v. Williams*, C/A No. 7:22-cv-00502, 2024 WL 1337199, at *5 (W.D. Va. Mar. 28, 2024) ("alleged failure to investigate a criminal complaint does not give rise to a federal constitutional claim"). Further, "there is no constitutional right to participate in grievance proceedings." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Because Plaintiff enjoys no constitutional right to participate in grievance proceedings, his allegation that Campbell and Cox failed to properly investigate his grievances is legally frivolous. *See Banks v. Nagle*, C/A Nos. 3:07-cv-419-HEH, 3:09-cv-14, 2009 WL 1209031, at *3 (E.D. Va. May 1, 2009). Campbell and Cox are entitled to dismissal because Plaintiff has failed to allege facts against them to state a cognizable claim.

*City of Spartanburg*

The City of Spartanburg is subject to dismissal. Liberally construed, the Amended Complaint appears to be asserting a municipal liability claim against the City of Spartanburg. Plaintiff contends the City of Spartanburg "failed to properly train, investigate, supervise, and discipline its employees regarding [Plaintiff's] rights . . . and have shown patterns of officers using excessive force on inmates." ECF No. 20 at 6. However, Plaintiff has not identified any employee

13

of the City of Spartanburg involved in the events giving rise to his claims. As such, the City of Spartanburg is subject to dismissal. *See Brewton v. Wright*, C/A No. 0:25-cv-1073-RMG, 2025 WL 1232495, at *2 (D.S.C. Apr. 29, 2025) (finding the City of Spartanburg was entitled to summary dismissal "because Plaintiff's complaint fails to identify any City employee involved in the incidents that give rise to his claims"); *Boyd v. City of Spartanburg*, C/A No. 7:24-cv-00711-BHH-KFM, 2024 WL 2848896, at *5 (D.S.C. Apr. 12, 2024) (dismissing City of Spartanburg in a case presenting similar allegations), *R&R adopted by* 2024 WL 2763919 (D.S.C. May 29, 2024). Moreover, "[t]he Spartanburg County Detention Center is administered by, and under the control of, the Spartanburg County Sheriff's Office," and not the City of Spartanburg. *Woodruff v. Spartanburg City Police Dep't*, C/A No. 7:18-cv-1920-BHH-JDA, 2018 WL 4017683, at *4 (D.S.C. July 30, 2018), *R&R adopted by* 2018 WL 4005828 (D.S.C. Aug. 22, 2018). The individual officers identified in the Amended Complaint all appear to be employed by the Spartanburg County Sheriff's Office. ECF No. 20 at 2–3. For these reasons, the City of Spartanburg is entitled to summary dismissal from this action.

### *Spartanburg County*

Spartanburg County is also entitled to summary dismissal. Plaintiff purports to bring a municipal liability claim against Spartanburg County. ECF No. 20 at 5–6, 10.

Although Spartanburg County is not an individual, it can be sued under § 1983 for violation of a federal right pursuant to *Monell v. Department of Social Services,* 436 U.S. 658, 690 (1978) (finding local governments are "persons" for purposes of § 1983 liability). Municipal liability is based on the execution of a governmental policy or custom and a local government may not be held liable under § 1983 based on a *respondeat superior* theory. *Monell*, 436 U.S. at 690–91. The fact that a municipality employs an individual, and that individual violated a plaintiff's

14

constitutional right, is alone insufficient to establish liability for the municipality. *Id.* at 691. Instead, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Bd. of Cnty. Commissioners v. Brown,* 520 U.S. 397, 403 (1997). The Amended Complaint fails to identify a policy or custom of Spartanburg County which caused his federal rights to be violated, and he therefore fails to state a claim for municipal liability. *Wambach v. Wright*, C/A No. 1:10-cv-2912-HFF-SVH, 2011 WL 1597660, at *4 (D.S.C. Feb. 7, 2011), *R&R adopted by* 2011 WL 1595171 (D.S.C. Apr. 27, 2011).

Plaintiff contends the County "has a policy or custom of obstructing individuals from bringing suit against employees." ECF No. 20 at 6. Even assuming that this allegation establishes an official policy or custom, Plaintiff has not alleged facts showing it resulted in the deprivation of his constitutional rights. The claims in the Amended Complaint are premised on excessive use of force and deliberate indifference. Plaintiff has not alleged facts showing that the County's purported policy of "obstruction" led to the use of force and denial of medical care to Plaintiff.

Plaintiff also contends "official policy states that if a person is injured sustained [sic] in the arm area that the officer should handcuff the injured suspect in the front and not the back causing more injury along with pain and suffering." ECF No. 20 at 10. Plaintiff's allegations suggest that officers failed to comply with this policy. The officers' failure to comply with the County's policy is insufficient to establish municipal liability. Also, Plaintiff has not identified a policy or custom that caused the violations of his rights. *Sage v. Spartanburg Cnty. Det. Ctr.*, C/A No. 8:23-cv-00317-TMC-JDA, 2023 WL 3794202, at *3 (D.S.C. Mar. 29, 2023) ("A municipality is responsible only when the execution of its policy or custom—made by its lawmakers or individuals whose acts 'may fairly be said to represent official policy'—inflicts injury."), *R&R adopted by* 2023 WL 3791110 (D.S.C. June 2, 2023).

15

Finally, Spartanburg County "is not responsible for, and has no control over, the operation of the [Spartanburg County Detention Center]. Rather, it is the Sheriff of Spartanburg County who operates and runs the Detention Center." *Martinez v. Spartanburg Cnty. Det. Ctr.*, C/A No. 9:23-cv-01989-TMC-MHC, 2023 WL 6850242, at *3 (D.S.C. Sept. 12, 2023), *R&R adopted by* 2023 WL 6846807 (D.S.C. Oct. 17, 2023); *see also Cobb v. South Carolina*, C/A No. 13-cv-2370, 2014 WL 4220423, at * 2, 7 (D.S.C. Aug. 25, 2014) (finding that because Berkeley County had no control over the operations or policy of the Berkeley County Detention Center, it cannot be held liable for events that take place there).

For these reasons, Plaintiff's allegations fail to establish a claim for municipal liability against Spartanburg County and it is therefore entitled to dismissal from this action. *Boyd v. Spartanburg Cnty.*, C/A No. 7:23-cv-02478-BHH-JDA, 2023 WL 4602110, at *4 (D.S.C. June 27, 2023) (dismissing Spartanburg County and finding "[w]hen the alleged constitutional deprivation is not an official act of a municipality, relief under § 1983 must be sought against the officer in his individual capacity" and not against the municipality), *R&R adopted by* 2023 WL 4601019 (D.S.C. July 18, 2023).

**Remaining Defendants**

Plaintiff's Amended Complaint contains sufficient allegations to state a claim for relief as to the remaining Defendants—Wright, Ravan, Shelton, Batton, Lopez, Hellam, Claire, and Bell— to survive initial review. An Order authorizing service as to those Defendants will be issued.

**Plaintiff's Motion to Amend/Correct**

Plaintiff has filed Motion to Amend/Correct, seeking permission to add the following three Defendants—the Spartanburg County Sheriff's Office, the South Carolina Department of State Police, and South Carolina. ECF No. 33. Plaintiff's Motion should be denied for the following reasons.

First, Plaintiff has failed to present any allegations against these proposed Defendants to state a claim for relief. Because Plaintiff makes no factual allegations against any of these three Defendants, they would be entitled to summary dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).

Additionally, these three Defendants are either immune from suit or are not considered "persons" under 42 U.S.C. § 1983. It is well-settled that the State of South Carolina is entitled to Eleventh Amendment immunity and is not a "person" within the meaning of § 1983. *See Arnold v. South Carolina*, No. C/A 9:10-cv-0188-MBS, 2010 WL 1727908, at *1 (D.S.C. Apr. 27, 2010); *Hunt v. South Carolina*, C/A No. 8:18-cv-2241-TMC-JDA, 2018 WL 7150756, at *3 (D.S.C. Sept. 18, 2018) (explaining the State of South Carolina has not consented to suit in federal court and is therefore entitled to Eleventh Amendment immunity), *R&R adopted by* 2019 WL 401412 (D.S.C. Jan. 31, 2019). The South Carolina Highway Patrol is also entitled to Eleventh Amendment immunity. *See Jones v. S.C. State Police*, C/A No. 4:23-cv-6265-RBH-KDW, 2024 WL 4486081,

at *2 (D.S.C. Feb. 7, 2024) (explaining "South Carolina State Police is not an existing entity" and South Carolina Highway Patrol is immune from suit), *R&R adopted by* 2024 WL 4100409 (D.S.C. Sept. 5, 2024), *aff'd*, No. 24-1980, 2024 WL 5040418 (4th Cir. Dec. 9, 2024); *Cox v. Deal*, C/A No. 2:11-cv-02961-DCN-BM, 2011 WL 6819110, at *1 (D.S.C. Nov. 28, 2011) ("the South Carolina Highway Patrol and South Carolina Department of Public Safety are protected from suit under § 1983 by Eleventh Amendment immunity"), *R&R adopted by* 2011 WL 6826745 (D.S.C. Dec. 28, 2011). Finally, "[t]he Spartanburg County Sheriff's Office cannot be sued under § 1983 because it is not a person." *Strickland v. Spartanburg Cnty. Sheriff's Off.*, C/A No. 6:17-cv-3263-MGL-KFM, 2018 WL 1801200, at *2 (D.S.C. Mar. 29, 2018), *R&R adopted by* 2018 WL 1795351 (D.S.C. Apr. 16, 2018). Therefore, Plaintiff's Motion to Amend/Correct would be futile for these reasons and should be denied.

## RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that the district court **DISMISS** the following Defendants from this action: City of Spartanburg, Spartanburg County, Marshal, Campbell, Cox, Pilgrim, and Jones. The action remains pending against Defendants Wright, Ravan, Shelton, Batton, Lopez, Hellam, Claire, and Bell. It is further **RECOMMENDED** that Plaintiff's Motion to Amend/Correct (ECF No. 33) be **DENIED**.

**IT IS SO RECOMMENDED**.

s/William S. Brown  
United States Magistrate Judge

June 16, 2025  
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).