UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Craig Ninja Antonio Brewton, | ) | C/A No. 8:24-cv-7655-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Sheriff Chuck Wright, Deputy Ravan, Sgt. | ) | |
| Batton, Deputy Claire, Deputy Hellam, | ) | |
| Deputy Lopez, Sgt. Bell, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Presently before the Court are Defendants' Motion to Dismiss (ECF No. 47), Plaintiff's Motion to Add Defendant (ECF No. 52), Plaintiff's Motion for Preliminary Injunction (ECF No. 57), and Plaintiff's Motion for Emergency Preliminary Injunction (ECF No. 62). Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights against the above-named Defendants.[1] Plaintiff is a pretrial detainee currently incarcerated at the Spartanburg County Detention Center ("SCDC"). Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and submit findings and recommendations to the district court. For the reasons

---

[1] Plaintiff's Complaint named the following Defendants: Sheriff Chuck Wright ("Wright"), Deputy Ravan ("Ravan"), Deputy Shelton ("Shelton"), Sgt. Batton ("Batton"), Spartanburg County, City of Spartanburg, Deputy Claire ("Claire"), Deputy Hellam ("Hellam"), Deputy Lopez ("Lopez"), Sgt. Bell ("Bell"), Deputy Ms. Marshall ("Marshall"), Officer Campbell ("Campbell"), Investigator J. Cox ("Cox"), Lt. Pilgrim ("Pilgrim"), and Deputy Jones ("Jones"). ECF No. 1. By Order dated July 2, 2025, Defendants City of Spartanburg, Spartanburg County, Marshall, Campbell, Cox, Pilgrim, and Jones were dismissed from this action. ECF No. 44.

below, Defendants' Motion should be granted in part and denied in part and Plaintiff's Motions should be denied.

## **BACKGROUND**

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed handwritten document containing additional allegations. ECF Nos. 1-2; 8. The Court construed these documents together as the Complaint filed in this action. By Orders dated January 28, 2025, and February 27, 2025, Plaintiff was instructed to file an amended complaint because the original Complaint was subject to summary dismissal. ECF Nos. 15; 18. On March 10, 2025, Plaintiff filed an Amended Complaint. ECF No. 20. However, because Plaintiff had not filed proposed service documents for the named Defendants, a Proper Form Order was entered on March 21, 2025. ECF No. 24. Plaintiff responded by filing appropriate service documents on April 18, 2025. ECF No. 27.

By Order dated June 16, 2025, the Court authorized service of process on Defendants Wright, Ravan, Shelton, Batton, Lopez, Hellam, Claire, and Bell only. ECF No. 35. The Court recommended summary dismissal for the remaining Defendants in a Report and Recommendation dated June 16, 2025. ECF No. 37. On July 2, 2025, the Honorable Richard M. Gergel adopted the Report and Recommendation and dismissed Plaintiff's claims against Defendants City of Spartanburg, Spartanburg County, Marshal, Campbell, Cox, Pilgrim, and Jones. ECF No. 44.

On July 14, 2025, Defendants Wright, Ravan, Shelton, Batton, Lopez, Hellam, Claire, and Bell (collectively "Defendants") filed a Motion to Dismiss and an Answer to the Complaint.[2] ECF Nos. 47; 48. On July 15, 2025, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528

---

[2] Defendants refer to Claire as "Claar." ECF No. 47-1 at 11.

F.2d 309 (4th Cir. 1975) (a "*Roseboro* Order"), advising Plaintiff of the motion to dismiss procedures and the possible consequences if he failed to respond adequately. ECF No. 50. On July 28, 2025, Plaintiff filed a Response in Opposition to the Motion to Dismiss. ECF No. 56.

On July 15, 2025, Plaintiff filed a Motion to Add Defendant. ECF No. 52. Defendants filed a Response in Opposition on July 24, 2025. ECF No. 55.

On July 28, 2025, Plaintiff filed a Motion for Preliminary Injunction. ECF No. 57. On August 13, 2025, Plaintiff filed a Motion for Emergency Preliminary Injunction. ECF No. 62. Defendants filed a Response in Opposition to both Motions on August 18, 2025. ECF No. 62.

These Motions are all ripe for review.

**Factual Allegations**[3]

Plaintiff makes the following allegations in the Amended Complaint. ECF No. 20. Plaintiff purports to assert claims for excessive force, retaliation, and deliberate indifference to serous medical needs in violation of the Fourth, Eighth, and Fourteenth Amendments. *Id*. at 4.

Plaintiff contends he was "roughly arrested" by Deputy Shelton in the courtroom in front of a judge and his lawyer. *Id*. at 7. Plaintiff contends he was taken into booking and injured while in handcuffs and tazed while getting choked in a neck brace by Deputy Ravan and two other officers whose names Plaintiff does not know.. *Id*. at 7–8. Plaintiff alleges that Sgt. Batton, along with Deputy Lopez and Deputy Hellam, tazed Plaintiff while he was in the shower. *Id*. at 8.

Plaintiff contends that Batton, Shelton, Ravan, Claire, and Hellam all engaged in the excessive use of force against him. *Id*. at 5. Plaintiff contends Wright is subject to supervisory liability in that he failed to intervene and failed to properly train his officers. *Id*. Plaintiff also

---

[3] The Court does not include Plaintiff's allegations against the Defendants who have been dismissed from this action.

asserts that Chuck Wright "expressed [an] intent to punish and retaliate" against Plaintiff's First Amendment complaints and allowed Ravan and Shelton to assault a non-resistant person and taze a handcuffed inmate who was injured. *Id*. Plaintiff alleges that Wright was aware of the purported mistreatment and was deliberately indifference, causing the injuries and allowing an unconstitutional custom or policy and practice to intimidate Plaintiff. *Id*. Plaintiff alleges that he notified Wright of his injuries and mistreatment, but Wright refused to intervene, "turned his blind eye," and failed to direct his officers to give Plaintiff back his neck brace despite Plaintiff's pleas. *Id*. at 10.

Plaintiff alleges that Batton used excessive force in tazing Plaintiff in the shower and, along with Lopez and Hellam, dragged Plaintiff on the floor, causing injury. *Id*. Batton ordered Lopez to drag Plaintiff in the shower during the tazing incident. *Id*. Hellam used excessive force by bending Plaintiff's wrists back, spraining his wrists and right thumb, and failing to provide medical assistance. *Id*. Plaintiff contends that Claire stomped on his foot, spraining his ankle. *Id*. Bell failed to provide Plaintiff with medical attention despite being informed by Plaintiff, his lawyer, and others that Plaintiff was injured. *Id*. at 6.

Plaintiff asserts that he and his lawyer told the judge about the injuries, but the officers did not believe that Plaintiff had injuries despite Plaintiff wearing a neck brace. *Id*. at 10. Plaintiff contends that Wright was told by certified mail that he was injured and also by mail from the Supreme Court. *Id*. However, Plaintiff asserts Wright turned a blind eye to the punishment inflicted upon him when officers forcefully took Plaintiff's neck brace and tazed him while handcuffed. *Id*. Plaintiff contends that Wright and his officers acted with deliberated indifference and deprived Plaintiff of his neck brace that he needs for pain and forced Plaintiff to sleep on the floor and not in a bed. *Id*.

For his injuries, Plaintiff contends he reinjured a broken neck vertebra, injured his right shoulder, suffers pain in his hips and back, and sustained a sprained wrist, right thumb, and ankle. *Id*. at 8. Plaintiff contends he was given ibuprofen and pain medicine but was never taken to the doctor after the altercation. *Id*. Plaintiff contends he suffered from memory loss along with daily headaches. *Id*. Plaintiff asserts that it hurts to move his neck and lift his right arm, and he has tingling and numbness in his hand and arm. *Id*. For his relief, Plaintiff seeks money damages. *Id*.

## STANDARD OF REVIEW

**Liberal Construction of *Pro Se* Pleadings**

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**Motion to Dismiss Standard**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

**Summary Judgment Standard[4]**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[4] The Court includes the summary judgment standard as Defendants have attached documents outside of the pleadings in support of their Motion to Dismiss.

Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, a court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of a plaintiff's position is insufficient to withstand a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

**Claims under 42 U.S.C. § 1983**

The Complaint is filed pursuant to § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3

(1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983).  To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

**Requirements for a Preliminary Injunction**

A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (citation and internal quotation marks omitted).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *United States v. South Carolina*, 720 F.3d 518, 524 (4th Cir. 2013) (citation and internal quotation marks omitted).

Because granting a motion for preliminary injunctive relief "requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way, the danger of a mistake in this setting is substantial." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994) (cleaned up) (citation and internal quotation marks omitted). Accordingly, the decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

Under the Prison Litigation Reform Act ("PLRA"),

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system.

18 U.S.C. § 3626(a)(2). The current standard for granting preliminary injunctive relief is set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Under *Winter*, to obtain a preliminary injunction, the moving party must demonstrate:

1) he is likely to succeed on the merits,

2) he will suffer irreparable harm if the preliminary injunction is not granted,

3) the balance of equities favors him, and

4) the injunction is in the public interest.

555 U.S. at 20; *see League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Moreover, *Winter* requires that each preliminary injunction factor "be 'satisfied as articulated.'" *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013) (quoting *The Real Truth*

*About Obama, Inc. v. FEC*, 575 F.3d 342, 347 (4th Cir. 2009), *vacated on other grounds, Citizens United v. FEC*, 558 U.S. 310 (2010), *aff'd, The Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010)). To succeed, Plaintiff must satisfy all four of these requirements. *Pashby*, 709 F.3d at 320–21. Therefore, the movant bears a heavy burden in seeking a preliminary injunction. *Id.* at 321.

## DISCUSSION

**Defendants' Motion to Dismiss**

Defendants assert five grounds in support of their Motion to Dismiss. ECF No. 47-1 at 2. First, Defendants argue they are immune from suit under the Eleventh Amendment. *Id.* at 2–6. Second, Defendants argue they are not "persons" for purposes of 42 U.S.C. § 1983. *Id.* at 6–7. Third, Defendants argue the Amended Complaint fails to state a claim against Wright upon which relief can be granted. *Id.* at 7–8. Fourth, Defendants argue that Plaintiff's claims against several Defendants should be dismissed under Federal Rule of Civil Procedure 20 for misjoinder of Defendants. *Id.* at 8–11. Fifth, Defendants argue that Plaintiff failed to exhaust his administrative remedies. *Id.* at 11–13.

### *Eleventh Amendment Immunity and "Persons" under § 1983*

Defendants' first two arguments—that Defendants are entitled to Eleventh Amendment immunity and are not "persons" subject to suit under § 1983—are premised on Defendants' contention that Plaintiff cannot establish a claim against Defendants in their official capacities. ECF No. 47-1 at 2–7.

Plaintiff's claims against the individual Defendants in their official capacities should be dismissed. *See Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not

a suit against the official but rather is a suit against the official's office. As such, it is not different from a suit against the State itself . . . We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." (citations omitted)); *see also Bowers v. Rector & Visitors of Univ. of VA*, C/A No. 3:06-cv-00041, 2007 WL 853815, at *6 (W.D. Va. Mar. 16, 2007). However, Plaintiff's claims against Defendants in their individual capacities should proceed. *See Hafer v. Melo*, 502 U.S. 21, 26-27 (1991) (reiterating the holding in *Will* with respect to officials sued in their official capacities, but holding that "state officials, sued in their *individual* capacities, are 'persons' within the meaning of § 1983." (emphasis added)). Dismissal of Plaintiff's official capacity claims against Defendants does not end the case because the claims in their individual capacity remain.

Defendants argue they are all employed by the Spartanburg County Sheriff's Office, an arm of the State, and that Plaintiff's allegations against them all relate to actions allegedly taken by them in their official capacities as employees of the Spartanburg County Sheriff's Office. ECF No. 47-1 at 5–6. That contention is incorrect. Plaintiff's Complaint makes allegations against all Defendants in their individual capacities. Defendants fail to show that Plaintiff's claims against Defendants in their individual capacities are insufficient to state a claim for relief. *Ballinger v. Adams*, C/A No. 2:08-cv-01024, 2010 WL 145858, at *4 (S.D.W. Va. Jan. 8, 2010).

### Claims against Wright

Defendants argue that Plaintiff's Amended Complaint fails to state a claim against Wright upon which relief can be granted. ECF No. 47-1 at 7–8. Defendants contend that Plaintiff makes only "conclusory statements and generalized accusations of supervisory liability and deliberate indifference, unsupported by any specific facts tying Sheriff Wright to alleged misconduct." *Id.* at 8.

The Court does not agree. Plaintiff makes specific factual allegations against Wright. For example, Plaintiff alleges that he and others informed Wright that Plaintiff was injured and needed to wear a neck brace. ECF No. 20 at 10. Plaintiff also alleges that "Wright . . . acted with deliberate indifference and deprived me of my neck brace that I need for my pain." *Id*. Plaintiff makes other similar allegations against Wright in the Amended Complaint. These allegations are sufficient to establish that Wright was personally involved in the purported violations of Plaintiff's constitutional rights. It may be that Plaintiff is unable to ultimately prevail on his claim against Wright, but at this stage, liberally construing Plaintiff's allegations and applying the applicable standard under Rule 12(b)(6), the Court does not find that Plaintiff has failed to state a claim for relief that is plausible as to Wright.

### *Misjoinder under Rule 20*

Defendants next argue that Plaintiff's claims should be dismissed under Rule 20 for misjoinder of Defendants. ECF No. 47-1 at 8–11. According to Defendants, Plaintiff's Amended Complaint asserts claims arising from multiple, unrelated incidents involving different Defendants. *Id*. at 8. Defendants note that Plaintiff has identified only one specific date, February 8, 2024, but that his allegations describe at least four separate episodes of alleged misconduct involving distinct Defendants. *Id*. Defendants claim that all claims and Defendants unrelated to the February 8, 2024, incident should be dismissed or severed. *Id*. at 8–9.

"The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading." *Simpson v. Youngkin*, C/A No. 3:23-cv-00032, 2024 WL 943456, at *2 (E.D. Va. Mar. 5, 2024) (citing Fed. R. Civ. P. 20(a)). Under Rule 20, defendants may be joined in a single action only if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Courts have explained that "Rule 20 permits joinder of 'all reasonably related claims for relief . . . against different parties.'" *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 325 (4th Cir. 2021) (quoting *Mosley v. Gen. Motors Corp*., 497 F.2d 1330, 1333 (8th Cir. 1974)). The rule "does not authorize a plaintiff to add claims against different parties that present entirely different factual and legal issues." *Sykes v. Bayer Pharms. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (internal quotation marks and alterations omitted).

Although misjoinder of parties is not a ground for dismissing an entire action, a district court "may at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. "The rules governing joinder and misjoinder apply with equal force to *pro se* prisoner cases." *Hurley v. Corbin*, C/A No. 7:24-cv-00605, 2025 WL 1962120, at *2 (W.D. Va. July 16, 2025). Courts have emphasized that "unrelated claims against different defendants belong in separate lawsuits, not only 'to prevent the sort of morass' produced by multi-claim, multi-defendant suits . . . , but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Prisoner complaints that contain unrelated claims against different defendants "should be rejected, either by severing the action into separate lawsuits or by dismissing improperly joined defendants." *Id*. (internal quotation marks and citations omitted); *see Daker v. Head*, 730 F. App'x 765, 768 (11th Cir. 2018) (explaining that a district court should have exercised its authority to dismiss improper defendants or sever unrelated claims since the *pro se* plaintiff asserted unrelated claims against unrelated defendants).

Here, Plaintiff's claims in his Amended Complaint do not exceed the limits of joinder under Rule 20. *See Webb v. Butler*, C/A No. 5:18-CT-3127-FL, 2020 WL 13663112, at *2, n. 4

(E.D.N.C. Oct. 27, 2020), *aff'd,* No. 21-7441, 2023 WL 2597604 (4th Cir. Mar. 22, 2023). Although Plaintiff's claims present certain discrete events, they all are related in that they pertain to Plaintiff's treatment and care while a pretrial detainee at SCDC. Plaintiff presents his claims as a continuous series of events. Considering such factors as prejudice to the parties, judicial economy, delay in the proceedings, and the underlying facts alleged and claims presented, the Court finds that joinder is proper in this case and dismissal or severing the claims is not necessary. *Jandrew v. Corigan*, C/A No. 1:23-cv-800, 2024 WL 4268042, at *2 (M.D.N.C. Aug. 6, 2024) (discussing factors courts consider in evaluation Rule 20 joinder and motions to sever under Rule 21), *R&R adopted by* 2024 WL 4267221 (M.D.N.C. Sept. 23, 2024). Accordingly, Defendants' Motion under Rule 20 should be denied.

### Failure to Exhaust

Finally, Defendants argue that Plaintiff cannot maintain his claims against Claire because he has failed to exhaust his administrative remedies as to his claim against Claire. ECF No. 47-1 at 11–13.

The PLRA requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* The PLRA's exhaustion requirement applies to all inmate suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is mandatory and must take place before the commencement of the civil action to further the efficient administration of justice. *Id.* However, because exhaustion of administrative remedies is an affirmative defense, Defendants must produce evidence—and not Plaintiff—to demonstrate

exhaustion. "[A]n inmate does not need to demonstrate exhaustion of administrative remedies in his complaint." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) (citations omitted). "Instead, failure-to-exhaust is an affirmative defense that the defendant must raise." *Id*.; *see Anderson v. XYZ Corr. Health Sers., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005) (explaining an inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant); *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 820 (D.S.C. 2008) ("[I]t is the Defendant who has the burden of showing that a Plaintiff failed to exhaust his or her administrative remedies."). "A prison official has the burden to prove an inmate's failure to exhaust available administrative remedies." *Goodman v. Moose*, C/A No. 1:23-cv-00023-MR, 2024 WL 4761389, at *3 (W.D.N.C. Nov. 12, 2024) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). "Once a defendant presents evidence of a failure to exhaust, the burden of proof shifts to the inmate to show, by a preponderance of the evidence, either that exhaustion occurred or that administrative remedies were unavailable." *Id*. (citing *Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011)); *see Crutchfield v. Gibson*, C/A No. 7:23-cv-00427, 2025 WL 724060, at *4 (W.D. Va. Mar. 6, 2025).

Defendants contend that Plaintiff "did not file a grievance with [SCDC] relating to his claim that [Claire] used excessive force against him by stomping on his foot and deploying mace against him. ECF No. 47-1 at 11. Defendants argue that SCDC has adopted a grievance procedure that sets forth the steps Plaintiff must follow to grieve issues related to his confinement. *Id*. at 12. Defendants contend that Plaintiff did not file any grievances concerning his allegations against Claire that he used excessive force against Plaintiff by stomping on his foot and using mace against him. *Id*. For support, Defendants have attached a copy of the policy for SCDC's grievance procedures and the Affidavit of Mark Freeman. ECF Nos. 47-2; 47-3.

A court ordinarily may not consider evidence outside the pleadings on a motion to dismiss under Rule 12(b)(6). *See Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) ("In resolving a motion pursuant to Rule 12(b)(6) or Rule 12(c), a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment."). Because Defendants' argument for dismissal on failure-to-exhaust grounds relies on evidence outside of the pleadings, including an Affidavit and SCDC grievance procedures, the Court cannot resolve the argument without converting the Motion to Dismiss to a motion for summary judgment. *See Zavolta v. Henderson*, No. 5:11-cv-55, 2011 WL 1790492, at *2 (N.D.W. Va. May 10, 2011) ("Affidavits are documents outside the pleadings and this Court must convert the motion to dismiss to a motion for summary judgment if it is to consider the plaintiffs' affidavits."). The parties in this case have not yet engaged in discovery. Plaintiff should have the opportunity to provide evidence in response to Defendants' documents, and he should have the benefit of conducting discovery on such issues. *Nelson v. Loc. 1422 Int'l Longshoreman's Ass'n*, C/A No. 2:19-cv-01545-DCN-MGB, 2020 WL 13784315, at *9 (D.S.C. Jan. 14, 2020) (finding the defendants' motion to dismiss on failure to exhaust grounds should be denied where the plaintiff had "not had an opportunity to undertake any discovery" and thus "it would not be appropriate to treat [the motion] as seeking summary judgment"), *R&R adopted by* 2020 WL 13784317 (D.S.C. Jan. 30, 2020).

Indeed, Plaintiff has attached an Affidavit of his own in Response to Defendants' Motion to Dismiss. ECF No. 56-1. That Affidavit avers the computerized inmate grievance system was not available to Plaintiff in the "BMU" disciplinary unit. *Id*. The United States Court of Appeals for the Fourth Circuit has recognized that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of [the

administrative remedy].” *Graham*, 413 F. App'x at 663 (citing *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)).

As this matter is before the Court on a Motion to Dismiss, the Court should decline to consider the additional exhibits provided by the parties that are not integral to the Complaint which would require the Court to convert Defendants' Motion to one for summary judgment. *Pendleton v. Ames*, C/A No. 2:21-cv-00249, 2023 WL 2541967, at *5 (S.D.W. Va. Mar. 16, 2023) (recommending that the defendants' motion to dismiss for failure to exhaust administrative remedies should be denied without converting the motion to one for summary judgment). Further, the Court should deny Defendants' Motion to Dismiss Plaintiff's claims against Claire on the ground that Plaintiff failed to exhaust, without prejudice to Defendants' right to assert that affirmative defense with evidence at a later stage as they may be able to show with additional evidence that Plaintiff in fact did not exhaust his administrative remedies.

**Plaintiff's Motion to Add Defendant**

Plaintiff has filed a Motion to Add Defendant, seeking to add the State of South Carolina. ECF No. 52. Plaintiff asserts as follows:

> I would like to file this motion with the courts of the United States District Court for the District of South Carolina . . . I would like to add a new defendant, the State of South Carolina (state insurance reserve fund).

*Id*. Defendants oppose the Motion. ECF No. 55. Plaintiff's Motion should be denied.

First, Plaintiff's Motion fails to provide any basis for adding the State of South Carolina. *See D.R. Horton, Inc. v. Landbank Fund VIII, LLC*, C/A No. 4:08-cv-1711-TLW-TER, 2009 WL 10678195, at *1 (D.S.C. Mar. 31, 2009) (“[Plaintiff's] failure to submit a proposed amended complaint or to explain in detail in its motion the claims it seeks to assert and the factual bases upon which those claims would be asserted severely handicaps this court's ability to determine

whether or not the amendment would be proper."). Further, Plaintiff has failed to attach a copy of any proposed amended complaint to his Motion. "One of the purposes of the requirement that motions to amend be accompanied by a copy of the proposed amended complaint is to ensure that all of the allegations asserted against the defendants are contained in a single document reducing the likelihood that a party will overlook one or more allegations against him" and to eliminate "the confusing nature of 'piecemeal' pleadings." *Jenkins v. S.C. Dep't of Corr.*, C/A No. 8:09-cv-3293-JFA-BHH, 2010 WL 11553265, at *1 (D.S.C. June 8, 2010). For these reasons alone, Plaintiff's Motion should be denied.

Additionally, the proposed amendments to add the State of South Carolina would be futile. A "motion for leave to amend may also be denied where the proposed amendment would be futile, such as where 'the proposed amended [pleading] fails to state a claim under the applicable rules and accompanying standards.'" *Aleron Grp., LLC v. Ferguson*, C/A No. 1:21-cv-1445, 2023 WL 5688205, at *4 (E.D. Va. Aug. 4, 2023) (quoting *Katyle v. Penn. Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)). Amendment would be futile because the State of South Carolina is not a proper party.

Plaintiff provides no specific factual allegations against the State of South Carolina to assert a plausible claim for relief under § 1983. *See Weller*, 901 F.2d at 397; *Gibson v. Foster*, C/A No. 5:17-cv-01333-JMC-KDW, 2017 WL 7355301, at *2 (D.S.C. Aug. 7, 2017), *R&R adopted by* 2018 WL 690060 (D.S.C. Feb. 1, 2018). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Newkirk v. Circuit Court of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014).

Further, the State of South Carolina is not a "person" subject to suit under § 1983 and is entitled to Eleventh Amendment immunity. It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001). The State of South Carolina is not a "person" and is immune from suit. *See S.C. Troopers Fed'n Loc. 13 IUPA AFL-CIO v. South Carolina*, 112 F. App'x 883, 885 (4th Cir. 2004) ("neither the State of South Carolina nor the Department of Public Safety qualify as 'persons' under Section 1983"); *Cobb v. South Carolina*, C/A No. 2:13-cv-02370-RMG, 2014 WL 4220423, at *6 (D.S.C. Aug. 25, 2014) (noting State of South Carolina is not a "person" subject to suit under § 1983); *Cribb v. Pelham*, 552 F. Supp. 1217, 1219 (D.S.C. 1982) (finding South Carolina Highway Patrol was entitled to Eleventh Amendment immunity); *Strickland v. Spartanburg Cnty. Sheriff's Off.*, C/A No. 7:19-cv-00326-MGL-KFM, 2019 WL 5748583, at *3 (D.S.C. Mar. 6, 2019) (finding Spartanburg County Sheriff's Office was not a person under § 1983 and entitled to Eleventh Amendment Immunity) (collecting cases), *R&R adopted by* 2019 WL 5721661 (D.S.C. Nov. 4, 2019).

For all these reasons, Plaintiff's Motion to add Defendant (ECF No. 52) should be denied.

**Plaintiff's Motions for Preliminary Injunctions**

Plaintiff has filed a Motion for Preliminary Injunction and an Emergency Motion for Preliminary Injunction. ECF Nos. 57; 62. Defendants have filed a Response in opposition to both Motions. ECF No. 62. Both Motions should be denied.

In the first Motion, Plaintiff requests a doctor visit at Spartanburg Regional Hospital for severe pain and to get a neck brace. ECF No. 57 at 1. Plaintiff also requests an award of $14,000 into his commissary account "for lack of due care." *Id*. Plaintiff contends that he is "still hurt

an[d] injured, needing medical help/care from a professional to see why I'm in much severe pains."
*Id.* at 2.

In the second Motion, Plaintiff contends "[t]his is a correction of the typo error requesting a doctor visit at Spartanburg Regional Hospital for pain and to get a neck brace." ECF No. 62 at 1. Plaintiff again requests $14,000 to be put into his commissary account. *Id.* It is unclear what "typo error" Plaintiff is referring to. Plaintiff contends "[t]his motion is made so that there is no more retaliation on me or on family in jail." *Id.*

Plaintiff is not entitled to a preliminary injunction because he has not shown that he can satisfy the test articulated in *Winter*. Plaintiff cannot show he is likely to succeed on the merits, as he has offered nothing beyond his own conjecture to substantiate his allegations that Defendants have violated his rights. Thus, rather than articulating a clear and specific request for injunctive relief, supported by evidence that he is entitled to such relief, Plaintiff merely restates the allegations in his Amended Complaint and demands the relief sought in his pleadings. Such a request for final relief is not appropriate for a preliminary injunction, which is designed to preserve the status quo and prevent irreparable harm pending resolution on the merits. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) ("[A] preliminary injunction preserves the status quo pending a final trial on the merits."); *Allston v. Lewis*, 480 F. Supp. 328, 333 (D.S.C. 1979) (explaining that granting the plaintiff the final relief sought and not merely to preserve the status "is beyond the scope and purpose of a preliminary injunction"), *aff'd*, 688 F.2d 829 (4th Cir. 1982). Plaintiff has not demonstrated, by evidence or argument, that he is likely to succeed on the merits of his claims. Nor has Plaintiff identified any irreparable harm or injury necessitating the imposition of a preliminary injunction. Although Plaintiff contends that he is continuing to suffer the deprivation of various rights under the United States Constitution, he provides no argument or

evidence to support his cursory assertions. The only injuries and conduct complained of in the Motion are the same *past* injuries and conduct alleged in the Amended Complaint.

Accordingly, Plaintiff has failed to make a clear showing that he has satisfied the requirements of *Winter*, and his Motions should therefore be denied.

## <u>CONCLUSION AND RECOMMENDATION</u>

Based on the foregoing, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (ECF No. 47) be **GRANTED in part** and **DENIED in part**. The Court should **DISMISS** Plaintiff's official capacity claims against Defendants. However, Plaintiff's individual capacity claims against Defendants should be permitted to proceed. Further, the undersigned **RECOMMENDS** that Plaintiff's Motion to Add Defendant (ECF No. 52) be **DENIED**, Plaintiff's Motion for Preliminary Injunction (ECF No. 57) be **DENIED**, and Plaintiff's Motion for Emergency Preliminary Injunction (ECF No. 62) be **DENIED**.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

August 25, 2025
Greenville, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).