## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

Craig Ninja Antonio Brewton,

Plaintiff,

v.

Sheriff Chuck Wright, *et al*.

Defendants.

Case No. 8:24-cv-7655-RMG

**ORDER**

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that (1) Defendants' motion to dismiss be granted regarding all claims asserted against Defendants in their official capacity and denied regarding all claims against Defendants asserted in their individual capacity; (2) Plaintiff's motion to add a defendant be denied based on futility; and (3) Plaintiff's motions for a preliminary injunction and emergency preliminary injunction be denied. (Dkt. No. 64). The parties were advised that they had fourteen days to file written objections to the R & R and a failure to timely file objections would result in limited clear error review and waiver of the right to appeal the order of the District Court. (*Id*. at 22). No party filed written objections.

## I.    Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objections are

made. 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## II. Discussion

Plaintiff, acting pro se, brought an action under 42 U.S.C. § 1983 as a pretrial detainee at the Spartanburg County Detention Center, alleging claims of excessive force and deliberate indifference against various defendants. (Dkt. No. 1). In an earlier order of the Court, a number of defendants were summarily dismissed from this action. (Dkt. No. 44). The Magistrate Judge, who is handling all pretrial matters, authorized service of process on Defendants Wright, Ravan, Shelton, Batton, Lopez, Hellam, Claire, and Bell. (Dkt. No. 35). These remaining defendants thereafter filed a motion to dismiss on a variety of grounds. (Dkt. No. 47). The Magistrate Judge recommended that Defendant's motion to dismiss be denied on all grounds except for claims brought against the Defendants in their official capacities. (*Id*. at 10-17). The Magistrate Judge

further recommended that Plaintiff's motion to add the State of South Carolina as a party defendant be denied on the grounds of futility. (*Id*. at 17-19). Finally, the Magistrate Judge recommended that Plaintiff's motions for a preliminary injunction and an emergency preliminary injunction be denied because of an inability to meet the *Winter* factors. (*Id*. at 20-21).

The Court finds that the Magistrate Judge ably addressed the factual and legal issues associated with each of the pending motions and correctly concluded that, except for claims against Defendants in their official capacity, the Defendants' motion to dismiss should be denied. The Court further finds that the Magistrate Judge ably addressed the issues related to Plaintiff's motions to add a party and for preliminary injunctive relief and correctly concluded that these motions should be denied.

## III. Conclusion

Based on the foregoing, the Court **ADOPTS** the R&R (Dkt. No. 64) as the Order of the Court and **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss. (Dkt. No. 47). Defendants' motion to dismiss all claims brought against them in their official capacity is **GRANTED** and otherwise Defendants' motion to dismiss is **DENIED**. Plaintiff's motions to add a party (Dkt. No. 52) and for preliminary injunctive relief (Dkt. Nos. 57, 62) are **DENIED**.

    **AND IT IS SO ORDERED.**

                                      s/Richard Mark Gergel
                                    Richard Mark Gergel
                                    United States District Judge

September 13, 2025
Charleston, South Carolina