# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig Ninja Antonio Brewton,  Plaintiff,  v.  Sheriff Chuck Wright, *et al.*,  Defendants. | Case No. 8:24-cv-7655-RMG  **ORDER** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 88) recommending that (1) Plaintiff's motion for a preliminary injunction (Dkt. No. 75) be denied; (2) Plaintiff's motion to amend his complaint (Dkt. No. 76) be denied; and (3) Plaintiff's motion to dismiss his state criminal indictment (Dkt. No. 81) be denied. Plaintiff was advised that a failure to timely file written objections to the R & R would result in limited clear error review and waiver of the right to appeal the District Court's order. (Dkt. No. 88 at 15). Plaintiff filed no objections to the R & R. As set forth below, the Court adopts the R & R as the order of the Court.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in

1

the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff, a pretrial detainee at the Spartanburg County Detention Center, acting pro se, filed this action against a large number of Detention Center staff. By earlier order, the Court adopted an R & R of the Magistrate Judge authorizing service of process for Defendants Wright, Ravan, Shelton, Batton, Lopez, Hellam, Claire and Bell and summarily dismissing the remaining defendants. (Dkt. No. 44).

In this present set of motions, the Magistrate Judge recommends the denial of Plaintiff's motion for a preliminary injunction (Dkt. No. 75) because Plaintiff cannot satisfy the requirements for the issuance of a preliminary injunction set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The Magistrate Judge correctly concluded that Plaintiff is not entitled to a grant of a preliminary injunction because he cannot satisfy the *Winter* factors of showing a likelihood of success on the merits or irreparable injury. (Dkt. No. 88 at 8-10).

The Magistrate Judge correctly recommended the denial of Plaintiff's motion to amend his complaint (Dkt. No. 76) because Plaintiff failed to attach a proposed amended complaint to his

motion and sought to add parties previously dismissed or subject to judicial immunity. Plaintiff also requested in this motion a preliminary injunction requiring an emergency hospital visit, which the Magistrate Judge correctly recommended denying because Plaintiff cannot satisfy the *Winter* factors. (*Id*. at 10-11).

Finally, the Magistrate Judge correctly recommended the denial of Plaintiff's motion to dismiss his pending criminal indictments under 42 U.S.C. § 1983 (Dkt. No. 81), based both on the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 44 (1971) and the fact that a § 1983 claim is not an appropriate basis for a party to seek release from incarceration. ((Dkt. No. 88 at 11-13).

## Conclusion

Based on the foregoing, the Court adopts the R & R of the Magistrate Judge (Dkt. No. 88) as the order of the Court and denies Plaintiff's motion for a preliminary injunction (Dkt. No. 75), motion to amend (Dkt. No. 76), and motion to dismiss his state indictment (Dkt. No. 81).

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 23, 2025
Charleston, South Carolina