**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Craig Ninja Antonio Brewton, | Case No. 8:24-cv-7655-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Sheriff Chuck Wright, Deputy Ravan, Deputy Shelton, Sgt. Batton, Deputy Claire, Deputy Hellam, Deputy Lopez, Sgt. Bell, | |
| Defendants. | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 145), recommending that Defendants' motion for summary judgment (Dkt. No. 93) be granted and Plaintiff's motion for summary judgment (Dkt. No. 91) and motion for a TRO (Dkt. No. 111) be denied. Plaintiff filed objections to the R & R and Defendants filed a response. (Dkt. Nos. 147, 149). Plaintiff also filed a motion to reconsider (Dkt. No. 148), which was rendered moot by his objections to the R & R. All motions are now ripe for disposition.

I.    **Background**

Plaintiff asserts in this action claims of excessive force, retaliation, and deliberate indifference regarding his arrest by Spartanburg County deputies and subsequent detention at the Spartanburg County Detention Center.[1] In a remarkably thorough R & R by the Magistrate Judge,

---

[1] Plaintiff was convicted of various state offenses, including trafficking in cocaine and resisting arrest, and was sentenced to 25 years in prison. He is now in the custody of the South Carolina Department of Corrections.

1

each of Plaintiff's claims was carefully analyzed.  These include excessive force claims related to Plaintiff's arrest at the Spartanburg County Courthouse, the use of force at Plaintiff's booking, and the use of force associated with "the food flap incident," the "shower incident."  In each of these incidents, the Magistrate Judge concluded that the amount of force used was reasonable in the face of Plaintiff's resistance and refusal to obey the commands of the officers. (Dkt. No. 145 at 16-41).  The Magistrate Judge also addressed in detail Plaintiff's claims of deliberate indifference.  The Magistrate Judge analyzed these various claims and concluded that Defendants were entitled to summary judgment on the deliberate indifference claims. (*Id*. at 41-52).  The Magistrate Judge further concluded that there was no merit to Plaintiff's Equal Protection and First Amendment retaliation claims and that Defendants were entitled to qualified immunity. (*Id.* at 52-54).  The Magistrate Judge also found that Plaintiff was not entitled to summary judgment or a TRO. (*Id*. at 55-60).

## II.    Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the

2

recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## III. Discussion

After a careful review of the record, the R & R, and Plaintiff's objections, the Court finds that the Magistrate Judge ably summarized the legal and factual issues in this matter and correctly concluded that Defendants are entitled to summary judgment and that Plaintiff's motions for summary judgment and a TRO should be denied. Plaintiff's objections simply reargue the issues presented to the Magistrate Judge. These issues have been thoroughly addressed in the R & R and require not further elaboration.

Plaintiff recently filed a motion for release from custody. (Dkt. No. 152). Such a motion is improper under § 1983 and is, therefore, denied.

## IV. Conclusion

For the foregoing reasons, the R & R (Dkt. No. 145) is **ADOPTED** as the Order of the Court. Defendants' motion for summary judgment (Dkt. No. 93) is **GRANTED**, and Plaintiff's motions for summary judgment (Dkt. No. 91) and for a TRO (Dkt. No. 111) are **DENIED.** Plaintiff's motion for reconsideration (Dkt. No. 148) **is DENIED AS MOOT.** This action is

**DISMISSED WITH PREJUDICE**.  Further, Plaintiff's motion for release from custody (Dkt. No. 152) is **DENIED**.

    **AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 20, 2026
Charleston, South Carolina